*In re* MARY ANN KELLER *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Gary Dean Keller *et al.*, Respondents-Appellants).

Fourth District   No. 4—85—0034

Opinion filed November 13, 1985.

James R. Covington III, of Mattoon, for appellants.

Nancy Owen, State's Attorney, of Charleston (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Lonnie L. Lutz, of Charleston, guardian *ad litem.*

PRESIDING JUSTICE GREEN delivered the opinion of the court:
On December 18, 1984, following a hearing in the circuit court of Coles County, respondents, Gary Dean Keller and Sharon Keller, were found to be unfit parents, because each of them were "unable to discharge minimal parental responsibilities now and in the reasonably foreseeable future" due to their mental retardation, mental disorders,

and dependent personality disorders (Ill. Rev. Stat. 1983, ch. 40, par. 1501(D)(p)). The court also found it to be in the best interests of the respondents' minor children that respondents' parental rights be terminated. The Illinois Department of Children and Family Services was appointed guardian of the children with power to consent to their adoption.

On January 16, 1985, respondents filed notices of appeal. Attorney James R. Covington III was appointed as counsel for both respondents, and he has filed a motion to withdraw. That motion states that, after reviewing the record, discussing the matter with trial counsel and reviewing the applicable law, counsel finds the case to be wholly frivolous. The motion was accompanied by a memorandum describing all aspects of the case in substantial detail. The memorandum was sufficient to set forth "anything in the record that might arguably support the appeal." (*Anders v. California* (1967), 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400.) The memorandum concluded that there was nothing to support the appeal. Respondents were served with a copy of the motion and memorandum. Upon its own motion, this court granted respondents leave to file additional points and authorities on or before May 30, 1985, and none were filed.

The documents filed by the court-appointed counsel and the procedures followed by this court are those required by *Anders* in order to properly discharge appellate counsel appointed to represent a defendant in a criminal case when the appeal is frivolous. In *Anders,* the counsel had been appointed pursuant to the indigent defendant's rights enunciated in *Douglas v. California* (1963), 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814. The *Anders* court described the required procedure as affording a convicted defendant "that advocacy which a nonindigent defendant is able to obtain." *Anders v. California* (1967), 386 U.S. 738, 745, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400.

Here, the appellate counsel was appointed by the circuit court pursuant to the requirements of section 1—20(1) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701—20(1)). That section concerns appointment of counsel for indigent parents in proceedings to terminate their parental rights and whatever constitutional requirements that may exist which require such appointment. (See Annot., 4 A.L.R.4th 363 (1981).) We are unaware of any cases where the *Anders* method has been used to deal with appeals in civil cases where counsel appointed for indigents contends that the appeal is frivolous and the reviewing court so finds. However, here, as there, the procedure has put the indigent appellants on the same footing as those able to afford private counsel and accomplishes the constitutional or statutory purpose

for their appointment.

■■■ We hold that the *Anders* procedure is applicable to this case. In discharging our responsibilities, we have examined the record and have concluded, as has appellate counsel, that no justiciable issues are presented for review, and that the appeal is without merit.

The proceedings began on May 5, 1983, when the State filed a petition to declare respondents' children, Mary Ann Keller and Sara Keller, "neglected" as defined by the Juvenile Court Act. During these proceedings, a third child, Joe Keller, was born, and a supplemental petition was filed including him on the theory of anticipatory neglect.

On December 2, 1983, a hearing was held. An investigator with the Department of Children and Family Services (DCFS) testified that she took the older two Keller children into protective custody on May 4, 1983, after observing the poor physical condition of the children and their home. She stated that both children were very dirty and had numerous skin problems related to the uncleanliness.

Dr. Stanley Thiel, a pediatrics physician, testified that he had treated both children and recognized medical problems related to a lack of stimulation as well as motor development delay, small head size and skin problems caused by a lack of proper cleaning. Dr. Gary Holt, a clinical psychologist, testified that he examined Gary and Sharon and concluded that neither of them were or could become suitable parents for the safe rearing of their children and that there would be great risk of physical or emotional harm to the children if Gary and Sharon continued to be responsible for them. Dr. Jerry Boyd, a clinical psychologist, also examined respondents and concluded that it was in the best interests of the children that respondents' parental rights be terminated.

Subsequently, on December 18, 1983, the order on appeal was entered.

The record is uncontradicted that the placement of Mary Ann, Sara, and Joe Keller in the home of their natural parents has been and will be harmful, physically, emotionally, and mentally. Expert testimony indicated that respondents' mental and emotional impairment would not improve at any time in the future.

Accordingly, the motion to withdraw as counsel is allowed, and the judgment of the circuit court is affirmed.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.