*In re* CHARLENE McQUEEN (The People of the State of Illinois, Petitioner-Appellee, v. Charlene McQueen, Respondent-Appellant).

Fourth District   No. 4—86—0033

Opinion filed June 30, 1986.

Maureen M. McCord, of Guardianship & Advocacy Commission, of Champaign, for appellant.

No appearance for appellee.

JUSTICE SPITZ delivered the opinion of the court:

This action arose on a petition for involuntary admission of the respondent, Charlene McQueen. On January 10, 1986, in the circuit court

of Champaign County, respondent was involuntarily admitted to a mental-health facility upon court order, pursuant to section 3—700 *et seq.* of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1985, ch. 91½, par. 3—700 *et seq.*). On motion by the respondent, the trial court directed the clerk to prepare and file a notice of appeal on respondent's behalf.

Attorney Maureen McCord of the Guardianship and Advocacy Commission was appointed to represent respondent on appeal. On April 18, 1986, appointed counsel filed a motion to withdraw. The motion states that, after reviewing the record, discussing the matter with trial counsel, and reviewing the applicable law, counsel could find no meritorious grounds for appeal and that the appeal would be frivolous. The motion is accompanied by a detailed memorandum which discusses all aspects of the case and concludes that there are no viable grounds for appeal. Respondent was served with a copy of the motion and memorandum. A response was filed on May 29, 1986, wherein respondent asserted "[t]he people have presented no evidence that I was or would be a harm to myself or anyone else."

Counsel's motion to withdraw and memorandum are consistent with an *"Anders* brief" in that the documents set forth all aspects of the case and demonstrate that there is no merit to the appeal. (*Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396.) *Anders* enunciated the procedures to be followed in order to properly discharge appellate counsel appointed to represent a defendant in a criminal case when the appeal is frivolous. (386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400.) Recently, we have held that the *Anders* procedure is applicable to an appeal from a judgment terminating parental rights where appointed counsel moved to withdraw on the ground that the appeal was without merit. (*In re Keller* (1985), 138 Ill. App. 3d 746, 486 N.E.2d 291.) In so holding, we reasoned that the appointment of counsel in a civil case, as in a criminal case, "has put the indigent appellants on the same footing as those able to afford private counsel and accomplishes the constitutional or statutory purpose of their appointment." (138 Ill. App. 3d 746, 747-48, 486 N.E.2d 291, 292.) Following our reasoning in *Keller,* we hold that the *Anders* procedure is applicable to the case at bar.

We have reviewed counsel's *Anders'* brief and respondent's reply; we have thoroughly examined the record in accordance with the dictates of *Anders*; and we conclude that no justiciable issues are presented for review and no meritorious grounds exist for appeal.

Here, the State had the burden to establish by clear and convincing evidence that respondent was subject to involuntary admission. (Ill.

Rev. Stat. 1985, ch. 91½, par. 3—808.) Section 1—119 of the Mental Health and Developmental Disabilities Code defines "persons subject to involuntary admission" as:

"(1) A person who is mentally ill and who because of his illness is reasonably expected to inflict serious physical harm upon himself or another in the near future; or

(2) A person who is mentally ill and who because of his illness is unable to provide for his basic physical needs so as to guard himself from serious harm." Ill. Rev. Stat. 1985, ch. 91½, par. 1—119.

At the hearing on the petition for involuntary admission, the State introduced the expert testimony of Dr. Daniel Pugh, a psychiatrist. Dr. Pugh testified that he examined the respondent and diagnosed her as suffering from paranoid schizophrenia. In his opinion, respondent lacked the capacity to make insightful judgments, particularly with regard to her well-being, that she was likely to harm herself, and that she was in need of hospitalization in a secure facility for her own safety. The State also offered the testimony of Officer Richard Noble, who had observed respondent's conduct on two occasions. Officer Noble testified to incidents when respondent would jump out unexpectedly into the path of oncoming cars. He further testified that she became physically aggressive and combative when approached, and refused to be transported to the hospital. Additionally, respondent's dispositional report indicated that she became "threatening and hostile" toward the clinician that conducted the interview. Finally, a social-investigation report disclosed respondent's prior history of aggressive and hostile behavior, including "several incidents of physical and verbal assault" during a previous hospitalization.

In our view, the record contains clear and convincing evidence that respondent was subject to involuntary admission. (Ill. Rev. Stat. 1985, ch. 91½, par. 1—119.) Further, all statutory requirements for involuntary admission by court order under the Mental Health and Developmental Disabilities Code were satisfied. On this record, we conclude that "no justiciable issues are presented for review, and that the appeal is without merit." *In re Keller* (1985), 138 Ill. App. 3d 746, 486 N.E.2d 291.

Accordingly, the motion to withdraw is granted, and the judgment of the circuit court is affirmed.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.