In re PATRICIA BRAZELTON, a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Patricia Brazelton, Respondent-Appellant).

Fourth District   No. 4—92—0449

Opinion filed November 12, 1992.

Robert E. McIntire, Public Defender, of Danville (William S. Sohn, Assistant Public Defender, of counsel), for appellant.

No brief filed for the People.

JUSTICE KNECHT delivered the opinion of the court:

Patricia Brazelton was the respondent to the State's petition for involuntary commitment (Ill. Rev. Stat. 1991, ch. 91½, par. 3—701). On May 13, 1992, the circuit court of Vermilion County found the petition proved and Brazelton to be mentally ill and reasonably expected to inflict harm upon herself or another. The court ordered Brazelton committed to the Illinois Department of Mental Health.

This matter is before us, not for resolution upon the merits, but on the motion of Brazelton's appointed appellate counsel to withdraw. Counsel has filed a motion which concludes the record on appeal presents no meritorious issues and any request for review would be frivolous. We find counsel's motion deficient under *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396. There are arguably meritorious issues which could be raised. We therefore deny counsel's motion to withdraw.

The United States Supreme Court in *Anders* set forth the procedures to be followed in order for appellate counsel, appointed to represent a defendant in a criminal case, to properly withdraw when he or she concludes the appeal is frivolous. Although counsel has not cited to the applicability of *Anders* to this case, we have previously held the *Anders* procedure is applicable to appointed counsel's motion to withdraw as appellate counsel on the appeal from an order of involuntary commitment. *In re McQueen* (1986), 145 Ill. App. 3d 148, 149, 495 N.E.2d 128, 129.

Under *Anders*, counsel's request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of the motion and brief must be fur-

nished to the client, and the client must be given time to raise any points she chooses. The court will then review the record to determine whether the available arguments are wholly frivolous.

Counsel's amended notice and proof of service indicates Brazelton has been provided with a copy of the motion. On motion of the court, Brazelton was provided with additional time to file points and authorities. None have been received. We now find the motion submitted by counsel deficient as it does not meet the *Anders* requirement that counsel refer to any argument in the record arguably supporting the appeal.

The attorney in an *Anders* situation is faced with an unusual difficulty. The attorney requesting the court's permission to withdraw bears the knowledge a successful motion to withdraw necessitates the court's determination that an appeal would be frivolous. An attorney is expected to zealously argue in favor of that which he is requesting of the court. The initial impulse of an attorney seeking to withdraw from a case is to emphatically maintain the correctness of the circuit court's determination and the frivolous nature of any appeal. However, this impulse to convince the court of the merits of the motion to withdraw must be tempered by the duty to the client.

Counsel's duty to the client mandates the attorney, to the extent possible, remain as an advocate of a client. The attorney may not act as an unbiased judge of the merits of the appeal. Rather, he must set out *any* irregularities in the trial process or other potential error, which, although in his judgment not a basis for appellate relief, might, in the judgment of his client, another attorney, or the court, arguably be meritorious. (*United States v. Blackwell* (11th Cir. 1985), 767 F.2d 1486, 1487-88.) After identifying the issues which could conceivably be raised on appeal, counsel must sketch the arguments in support of those issues, and then explain why he believes the arguments are frivolous. *United States v. Edwards* (7th Cir. 1985), 777 F.2d 364, 366.

In this case, counsel's brief consists of a three-page recitation of the facts and a one-page argument. The argument does not identify issues which could be raised in support of Brazelton's appeal, nor does it sketch Brazelton's potential arguments. Instead, counsel's argument cites one case regarding the standard of review on appeal, *erroneously* states the State's burden of proof at trial as by a preponderance of the evidence, and concludes the trial court did not err in committing Brazelton because "[t]he evidence clearly and entirely supports the State's position."

This is similar to the document filed in *United States v. Johnson* (5th Cir. 1976), 527 F.2d 1328. In *Johnson*, counsel filed a brief con-

taining a brief history of the case and a statement that counsel had searched the record and failed to find anything in the record that might arguably support the appeal. The court stated the brief was, in effect, nothing more than a no-merit letter, disapproved by the Supreme Court in *Anders*. (*Johnson*, 527 F.2d at 1329.) In *Anders*, appointed counsel filed a letter with the Court, stating he would not file a brief as there were no meritorious arguments to be raised on appeal, and he had expressed his views to the client. The Court found this inadequate as such a letter does not afford the Court or the client any guidance, and the Court is forced to determine the frivolity of the client's contentions without the benefit of legal argument in support of the client's position. *Anders*, 386 U.S. at 745, 18 L. Ed. 2d at 498-99, 87 S. Ct. at 1400.

As we stated in *McQueen*, the motion to withdraw "accompanied by a detailed memorandum which discusses all aspects of the case and concludes that there are no viable grounds for appeal" provides a proper basis for an *Anders* motion. (*McQueen*, 145 Ill. App. 3d at 149, 495 N.E.2d at 129.) The only issue discussed by this motion is an incorrect burden of proof. Counsel's two references to the "preponderance of the evidence" burden of proof would have had the effect of misleading rather than assisting Brazelton since the State's burden of proof in an involuntary commitment is by clear and convincing evidence. (Ill. Rev. Stat. 1979, ch. 91½, par. 3—808.) The brief does not review "all aspects of the case" to determine whether there are any justiciable issues or meritorious grounds for appeal. (*McQueen*, 145 Ill. App. 3d at 149, 495 N.E.2d at 129.) Counsel's motion to withdraw is denied and counsel is instructed to submit a brief in support of respondent's position on appeal.

Motion denied.

McCULLOUGH and LUND, JJ., concur.