This case involves the issue whether appointed counsel in a civil case in which an indigent client has a court-appointed attorney as authorized by statute can withdraw after reviewing the record and determining that there are no reversible issues, and, therefore, that any appeal taken from the case would be meritless.
This action, which involves a custody dispute, arose when the Lee County Department of Human Resources filed dependency petitions alleging that J.K's minor children were in immediate or threatened physical or emotional harm. After hearings on the petitions, the juvenile court found that J.K. had physically abused his two sons and sexually abused his daughter. The whereabouts of the children's mother are unknown. The juvenile court adjudged J.K.'s children to be dependent and ordered that they be placed temporarily in DHR's custody. *Page 815 
A few months later, J.K. filed a petition seeking custody of his three children. After a DHR investigation and further hearings, the juvenile court adjudged the children to be dependent and ordered DHR to begin permanent planning for the children and to consider long-term placements for them. The court also ordered that the children could have no contact with J.K. or other family members unless the court approved the contact. J.K. appealed.
J.K. has court-appointed appellate counsel. In his brief to this court, counsel said that he met with J.K. twice to see what tactics and strategies were used at trial. Then he reviewed the record for error but could find "no issue that might reasonably result in the reversal of the juvenile court's judgment."
As a result, counsel asks this court to extend Anders v.California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to civil cases in which the appellant is entitled by law to appointed counsel but in which counsel, after a thorough review of the record, counsel concludes there are no reversible issues and that the appeal is without merit.
We believe that court-appointed appellate counsel in a civil case should have some means by which to effectively represent his client and yet be allowed to withdraw without having to file a frivolous appeal if counsel thinks an appeal would be without merit. In Anders, the United States Supreme Court held that if, after a conscientious examination of a case, counsel finds that an appeal would be wholly frivolous, counsel should advise the court and request permission to withdraw. Id.386 U.S. at 744, 87 S.Ct. at 1440. The Court set out certain requirements that counsel must meet before being allowed to withdraw. First, a brief referring to anything in the record that might arguably support an appeal must accompany counsel's request to withdraw. Anders, 386 U.S. at 744, 87 S.Ct. at 1400. A copy of that brief should be given to the indigent client, who then must be allowed to raise any points and issues the client chooses. Id. Then the appellate court must examine the record to determine whether the case is wholly frivolous. Id.
There is a split in the few jurisdictions that have addressed the question whether to make Anders applicable in civil cases.See, generally, Bains, Termination of the Attorney-ClientRelationship: How Far Must Anders Compliance Go?, 16 J.Legal Prof. 229 (1991). The Appellate Court of Illinois has extendedAnders to apply to appeals from judgments terminating parental rights in which court-appointed appellant counsel moved to withdraw on the ground that there was no merit to the appeal.In re Keller, 138 Ill. App.3d 746, 93 Ill.Dec. 190, 191,486 N.E.2d 291, 292 (1985). The Illinois court reasoned that "the appointment of counsel in a civil case, as in a criminal case, 'has put the indigent appellants on the same footing as those able to afford private counsel and accomplishes the constitutional or statutory purpose for their appointment.' "In re McQueen, 145 Ill. App.3d 148, 99 Ill.Dec. 63, 64,495 N.E.2d 128, 129 (1986) (quoting In re Keller, supra).
The Washington Supreme Court declined to applyAnders in a "child deprivation proceeding," i.e., a proceeding to terminate the parental relationship, saying it "deem[ed] it inadvisable," and holding that "appointed counsel may never withdraw from such an appeal, absent client consent." In reWelfare of Hall, 99 Wn.2d 842, 664 P.2d 1245, 1247 (1983). The Washington court reasoned that because a criminal defendant must be competent to stand trial, that defendant will have "at least some modicum of ability to present his or her own argument to the appellate court. In contrast, the respondent in a child deprivation proceeding may be entirely incompetent and entirely unable to raise potentially meritorious issues. In such circumstances, withdrawal of counsel should not be permitted." Id. at 1248.
The Illinois cases seem to be the better reasoned cases. In cases in which Anders is applicable, regardless of whether the indigent client is competent, counsel has a duty to effectively represent the client, and the court has a duty to ensure effective representation. There is no practical difference between making counsel continue with the appeal, thus requiring counsel to raise frivolous issues that the appellate court has to *Page 816 
review, and allowing counsel to file an Anders brief raising possible issues, but notifying the court that counsel believes an appeal would be frivolous. As the Supreme Court pointed out, allowing counsel to file an Anders brief "would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel." Anders v.California, 386 U.S. at 745, 87 S.Ct. at 1400.
In addition, J.K.'s counsel counters the argument put forth by the Washington Supreme Court by saying that Anders briefs are used in criminal cases in which the defendant's liberty or even life is at stake. Therefore, he argues, use of an Anders
brief would be suitable in dependency hearings, where the "remedies available to the Juvenile Court upon adjudication are somewhat less severe."
Moreover, in criminal cases, indigent defendants have a constitutional right to counsel, yet appointed appellate counsel is permitted to withdraw if an appeal is without merit and if the Anders requirements are met. On the other hand, "the constitutional due process clause does not require the appointment of counsel for an indigent parent in dependency and temporary custody proceedings." Morgan v. Lauderdale CountyDepartment of Pensions Security, 494 So.2d 649
(Ala.Civ.App. 1986) (citing Lassiter v. Department of Social Services ofDurham County, North Carolina, 452 U.S. 18, 34, 101 S.Ct. 2153,2163, 68 L.Ed.2d 640, reh'g denied, 453 U.S. 927,102 S.Ct. 889, 69 L.Ed.2d 1023 (1981)). Again, if the procedure outlined in Anders passes muster in criminal cases, it certainly should be adequate in this context.
The State argues that Rules 2 and 38, Ala.R.App.P., which concern the filing of frivolous appeals, take care of cases like J.K.'s. To the contrary, appellate counsel should not have to file a brief counsel knows to be frivolous just because he or she has been appointed. Under Rule 2, Ala.R.App.P., this Court can dismiss a frivolous appeal. See Rule 38. Applying Rule 38, which allows the appellate court to award damages and costs to the appellee if the court finds that the appeal is frivolous, would be grossly unfair in cases where the appellant is required by the court to file a brief counsel knows to be frivolous. As J.K.'s counsel points out, use of the rules dealing with frivolous appeals "comes far too late to be of assistance to appointed appellate attorneys who believe that there is no affirmative basis for the prosecution of their clients' appeals."
For these reasons, we extend the procedures set forth inAnders v. California to civil cases, but limit its use to those civil cases in which an indigent client has a court-appointed attorney as authorized by statute. To use these procedures, the court-appointed counsel would have to conscientiously examine the record to determine whether an appeal in the case would be without merit.
In this case, J.K.'s appointed counsel filed a brief stating that after thoroughly reviewing the record he could find no reversible error and that he wished to withdraw. In compliance with Anders, his brief raised issues that might give rise to a reversal. However, appellate counsel did not furnish J.K. with a copy of the brief, and the record shows that J.K. was not given an opportunity to raise additional points and issues, as required by Anders. Therefore, on May 11, 1995, this court issued an order directing appointed counsel to furnish J.K. with a copy of counsel's brief and granting J.K. 21 days to serve appointed counsel and this Court with a statement of any additional points and issues he wished this court to consider on appeal. The order also provided that if appointed counsel found that any of J.K.'s points or issues were arguable on the merits, counsel had 21 additional days to file a supplemental brief on those issues.
Appellate counsel complied with this court's order and has fully met the Anders requirements. J.K. raised the issue of ineffective assistance of counsel, which appellate counsel addressed in a supplemental brief. In both his original brief and his supplemental brief, appellant's counsel states that he could find no error on which to base a reversal of the juvenile court's judgment and that he could not argue that J.K. had received ineffective assistance of counsel. A review of the record supports counsel's assertion *Page 817 
that there is no error in the record. Further, the issue of whether J.K. was denied effective assistance of counsel was never presented to the trial court. "The trial court should not be placed in error on matters which the record reveals it neither ruled upon nor was presented the opportunity to rule upon." Wilson v. State Department of Human Resources,527 So.2d 1322, 1324 (Ala.Civ.App. 1988).
The judgment is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in result.