DECISION AND JUDGMENT ENTRY
This child custody matter is before the court on appeal from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division. Appellant's appointed counsel, Charles S. Rowell, Jr., submitted a motion to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. The filing of this brief presents us with an issue that Ohio courts have not yet dealt with, namely whether or not appointed counsel in a custody action can submit an Anders brief. We raise and consider this issue suasponte.
In Anders, the United States Supreme Court set forth court-appointed counsel's duty to prosecute a first appeal from a criminal conviction when counsel determines that such an appeal would be wholly frivolous.
 "[C]ounsel * * * should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."
Id. at 744. The Supreme Court noted that "This procedure will assure penniless defendants the same rights and opportunities on appeal — as nearly as is practicable — as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel."Id. at 745.
Although the Supreme Court based its holding in Anders on the constitutional guarantee that a criminal defendant will have the right to counsel, several states extended Anders to certain juvenile cases, specifically to appeals involving the termination of parental rights. In so doing, these courts reasoned that court-appointed appellate counsel in juvenile cases should have some means by which to effectively represent clients, and yet be allowed to withdraw without having to file frivolous appeals. J.K., Sr. v. Lee County Department of Human Resources (1995),668 So.2d 813, 816. See In the Interest of J.R.W. (1989), 149 Wis.2d 399. See, also, In re V.E. and J.E. (1992), 417 Pa. Super. 68, 83-84 (the Pennsylvania Superior Court noted similarities between a criminal defendant and an indigent parent faced with the permanent loss of a child, and reasoned that both required "zealous advocacy" and the procedural protection of Anders upon attorney withdrawal); In re Keller
(1985), 138 Ill. App.3d 746, 747-748 (the Appellate Court of Illinois, Fourth District, held that allowing Anders in civil cases places indigent appellants on the same footing as those able to afford private counsel, and accomplishes the constitutional or statutory purpose for counsel's appointment).
This court extended Anders to appeals involving the termination of parental rights in Morris v. Lucas County Children Services Board (1989),49 Ohio App.3d 86. We now extend Anders to custody cases in juvenile proceedings where counsel has been appointed pursuant to Juv.R. 4(A) and R.C. 2151.352, thereby reconciling counsel's duty to vigorously and fairly advocate a parent's appeal with his ethical duty to advance only non-frivolous claims. Having extended Anders to this case, we turn now to the brief itself.
In support of his request, and pursuant to the guidelines set forth inAnders, attorney Rowell asserts that after an extensive review of the record he was unable to find any valid, arguable issues for appeal. Counsel submitted a brief setting forth three potential assignments of error which might arguably support an appeal, and according to his affidavit, furnished a copy of the brief and motion to appellant. In so doing, counsel has met the Anders requirements. Appellant has not submitted a brief of his own.
However, upon a thorough review of the record, we find that arguable issues meriting review are raised in appellant's second potential assignment of error. Namely, we conclude that arguable issues exist as to whether appellant and his daughter should have been appointed counsel and whether appellant received proper notice of trial.
Because an Anders brief is not a substitute for an appellate brief argued on the merits, see McCoy v. Court of Appeals of Wisconsin,District 1 (1988) 486 U.S. 429, 439, and because we have found arguable issues exist for appeal, we must "appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief * * *" before we can decide the merits of the issues. Id. at 444. See, also, Penson v. Ohio
(1988), 488 U.S. 75, 85. Accordingly, appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. We hereby appoint Penny Nasatir, P.O. Box 2766, Toledo, Ohio, 43606, to prepare an appellate brief for appellant discussing the arguable issues identified by this court in this decision, and any further arguable issues which may be found in the record.
Appellant's brief is to be filed within forty-five days from the date of this decision. Appellee's brief shall be filled within twenty days after service of appellant's brief.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J. CONCUR.