*In re* ALEXA J., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. L.J., Respondent-Appellant).

Second District   No. 2—02—0969

Opinion filed April 15, 2003.

Kathryn Bischoff, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

In August 2002, the trial court found respondent, L.J., an unfit parent. 750 ILCS 50/1(D)(b), (D)(d), (D)(m), (D)(s) (West 2000). The court subsequently found that the termination of respondent's parental rights was in the best interest of his minor child, Alexa J. Respondent filed a timely notice of appeal.

Kathryn Bischoff was appointed to represent respondent during his appeal. Citing the procedure set forth in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and *In re Keller*, 138 Ill. App. 3d 746 (1985), Bischoff has filed a motion for leave to withdraw as appellate counsel.

In the motion, counsel represents that she has read the record of this case and has discovered no possible justiciable issue that would warrant relief in this court. In support of the motion, she has filed a memorandum of law that summarizes the proceedings in the trial court. The memorandum identifies no potentially meritorious issue and cites no authority for counsel's conclusion. After presenting the evidence most favorable to the State, the argument portion of counsel's memorandum generally asserts that "[t]he court's analysis is indisputedly [*sic*] correct."

The motion states that counsel mailed a copy of the motion to respondent. However, in her affidavit, counsel represents that she mailed a copy to the minor's *mother*. The affidavit also states that respondent "has been advised of the Motion for Leave to Withdraw and informed of the opportunity to present any additional matters to the Court within 30 days." The record contains a letter from counsel to respondent regarding the motion, but we have found no proof of service or certificate of mailing. The clerk of this court mailed respondent notice of the motion and informed him that he would be afforded an opportunity to present, within 30 days, any additional matters to this court. There is no response from respondent, and the time to respond has expired.

■ Under *Anders*, appellate counsel's request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400. *In re Brazelton*, 237 Ill. App. 3d 269 (1992), an involuntary commitment case, and *In re S.M.*, 314 Ill. App. 3d 682 (2000), a termination of parental rights case, each involved a motion to withdraw from an appeal in the Appellate Court, Fourth District.

In *Brazelton*, counsel's memorandum supporting the motion did not identify any potentially meritorious issue and consisted of only a three-page statement of facts and a one-page argument erroneously describing the State's burden of proof at trial. The memorandum concluded that " '[t]he evidence clearly and entirely supports the State's position.' " *Brazelton*, 237 Ill. App. 3d at 271.

Initially, the appellate court acknowledged an attorney's conflicting interests in filing a motion to withdraw:

"The attorney in an *Anders* situation is faced with an unusual difficulty. The attorney requesting the court's permission to withdraw bears the knowledge a successful motion to withdraw necessitates the court's determination that an appeal would be frivolous. An attorney is expected to zealously argue in favor of that which he is requesting of the court. The initial impulse of an attorney seeking to withdraw from a case is to emphatically maintain the correctness of the circuit court's determination and the frivolous nature of any appeal. However, this impulse to convince the court of the merits of the motion to withdraw must be tempered by the duty to the client.

Counsel's duty to the client mandates the attorney, to the extent possible, remain as an advocate of the client. The attorney may not act as an unbiased judge of the merits of the appeal. Rather he must set out *any* irregularities in the trial process or other potential error, which, although in his judgment not a basis for appellate relief, might *** be meritorious. [Citation.]" (Emphasis in original.) *Brazelton*, 237 Ill. App. 3d at 271.

The appellate court denied the motion to withdraw, concluding that it amounted to a "no-merit" letter that did not conform to the procedure authorized by *Anders*. A no-merit letter is inadequate because it does not afford the reviewing court or the client any guidance, and the court is forced to determine the frivolity of the client's case without the benefit of legal argument in support of the client's position. *Brazelton*, 237 Ill. App. 3d at 272, citing *Anders*, 386 U.S. at 745, 18 L. Ed. 2d at 498-99, 87 S. Ct. at 1400. The court emphasized that the memorandum raised only the question of the State's burden of proof and then answered that question incorrectly. Counsel was directed to submit an appellate brief supporting the appeal. *Brazelton*, 237 Ill. App. 3d at 272.

The *Brazelton* court stated that a withdrawing attorney must "set out *any* irregularities in the trial process or other potential error." (Emphasis in original.) *Brazelton*, 237 Ill. App. 3d at 271. This phrase alone could mean that appellate counsel need not present an issue if no irregularity or other potential error exists. However, the remainder of *Brazelton* suggests that counsel must identify at least one potentially justiciable issue in a motion to withdraw under *Anders*. If the attorney were not required to identify at least one potentially justiciable issue, the client and the appellate court would lack any guidance in determining the frivolity of the appeal. *Brazelton*, 237 Ill. App. 3d at 272.

In *S.M.*, the appellate court relied upon *Brazelton* in holding that *Anders* authorized a slightly different procedure. In *S.M.*, the attorney's memorandum initially asserted that there were no appealable issues but ultimately concluded that the trial court abused its discretion in terminating the father's parental rights. *S.M.*, 314 Ill. App. 3d at 686. The appellate court found that the memorandum deviated from the *Anders* procedure because, among other things, counsel (1) concluded that the trial court erred and (2) requested the alternative relief of granting the motion to withdraw or reversing the judgment. *S.M.*, 314 Ill. App. 3d at 686. Despite counsel's noncompliance with *Anders*, the appellate court reviewed the record, granted the motion, and affirmed the judgment terminating the parental rights. *S.M.*, 314 Ill. App. 3d at 687.

Similar to *Brazelton*, the *S.M.* court stated that the brief "must set out any irregularities in the trial process or other potential errors, which, although in [counsel's] judgment *are not* a basis for appellate relief, might arguably be meritorious in the judgment of the client, another attorney, or the court." (Emphasis in original.) *S.M.*, 314 Ill. App. 3d at 685. However, the court then held that, "*if* such issues are identified, counsel must (a) sketch the argument in support of the issues that could conceivably be raised on appeal, and then (b) explain why he believes the arguments are frivolous." (Emphasis added.) *S.M.*, 314 Ill. App. 3d at 685, citing *Brazelton*, 237 Ill. App. 3d at 272. The court's use of the word "if" suggests that withdrawing counsel need not always identify a potentially justiciable issue and that the "sketching of an argument" and an explanation of the argument's frivolity are not required if counsel does not identify any such issue. However, neither *Anders* nor *Brazelton* supports this extension of the law, and we decline to follow *S.M.* on this particular issue.

However, *S.M.* is useful to the extent that it defines the remaining procedure for withdrawing from an appeal in a termination-of-parental-rights case. *S.M.* held that counsel must conclude in the

memorandum that the case presents no viable grounds for appeal and include transcripts of the fitness and best interest hearings to enable us to fulfill our responsibilities under *Anders*. *S.M.*, 314 Ill. App. 3d at 685. As a threshold matter in a nonmeritorious termination-of-parental-rights appeal, counsel should state in the introduction to the argument portion of the *Anders* brief that he or she has reviewed both the finding of unfitness and the best interest determination. *S.M.*, 314 Ill. App. 3d at 685-86.

■ In this case, counsel has provided the transcripts of both the fitness and best interest proceedings, and the argument portion of her memorandum states that she has undertaken "[a] thorough review of the record." The argument section is labeled "Possible Issue for Review," but, as in *Brazelton*, counsel has not framed an argument in support of any issue that could conceivably be raised on appeal. Furthermore, the argument section is less than two pages and does not identify our standard of review or the State's burden of proof at trial. Without citation to any authority, counsel merely asserts that "[t]he court's analysis is indisputedly [*sic*] correct." This statement is very similar to the conclusory assertion in *Brazelton* that " '[t]he evidence clearly and entirely supports the State's position.' " *Brazelton*, 237 Ill. App. 3d at 271. Pursuant to *Brazelton*, we deny appellate counsel's motion to withdraw, but this does not end our analysis.

*Brazelton* and *S.M.* offer two approaches for addressing an attorney's noncompliance with *Anders* in a civil case. In *Brazelton*, the court denied the motion with prejudice and ordered counsel to file an appellate brief. However, the court in *S.M.* excused the attorney's inadequate memorandum and granted the motion. Neither solution appears appropriate for the situation in the case at bar. The path followed in *S.M.* would lead us to affirm the trial court's granting of the motion, but this would result in upholding the denial of due process to which we have already alluded. Following the direction taken in *Brazelton* would cause us to deny the motion and require the attorney to file a brief that is probably not well founded. It appears that, based on the facts of this case, an alternative course of action is indicated.

In *S.M.*, the record showed that the attorney served the parent with the motion (*S.M.*, 314 Ill. App. 3d at 683), but here, appellate counsel has not submitted any proof of service or a certificate of mailing. We find this deficiency troubling in light of counsel's conclusory argument for affirming the termination of respondent's parental rights. Because "[p]arental rights and responsibilities are of deep human importance and are not terminated lightly" (*S.M.*, 314 Ill. App. 3d at 685), we deny the motion to withdraw, but we do so without prejudice.

By requiring counsel to proceed with the appeal, the court in *Brazelton* effectively decided that the parent's case might be meritorious. We do not *require* counsel to file an appellate brief in support of respondent's position as the court did in *Brazelton* because that course would prolong the case unnecessarily if, in fact, respondent's appeal lacks merit. *Cf. In re Abdullah*, 85 Ill. 2d 300, 310 (1981) (the interests of finality and judicial economy require that at some point a line must be drawn in terminating parental rights). Instead, we direct appellate counsel to reconsider her position and file either a brief in support of respondent's appeal or a new motion to withdraw from the appeal. If counsel elects to file a new motion to withdraw, she must follow the procedure authorized by *Anders*, which is set forth herein.

For the preceding reasons, appellate counsel's motion to withdraw is denied without prejudice.

Motion denied without prejudice.

HUTCHINSON, P.J., concurs.

JUSTICE O'MALLEY, specially concurring:

I concur in the majority's result, but I write separately because I do not think it useful to require attorneys who wish to withdraw from a frivolous appeal to manufacture "an issue that might arguably support the appeal" where none exists. Such a pretense is neither supported by *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), nor wise policy.

*Anders* requires that a request by appointed counsel to withdraw from a meritless appeal be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400. *Anders* does not require that any other issues be identified in the brief. Thus, no issue need be identified if no issue might arguably support an appeal.

According to the majority, however, an attorney seeking to withdraw must "identify at least one potentially justiciable issue." 345 Ill. App. 3d at 988. This rule is simply not consistent with *Anders*. *Anders* holds only that a request to withdraw must be accompanied by a brief referring to "anything," not *something* in the record that might arguably support the appeal.

The majority puts attorneys who wish to withdraw from cases where there is no "potentially justiciable issue" in the untenable position of having either to identify an issue that is not potentially justiciable or to bring a patently frivolous appeal. In my view, the

probable effect of the majority's rule is that attorneys in this circumstance will simply identify issues that are not potentially justiciable. The purpose of requiring the attorney to identify issues that might arguably support the appeal is to aid the court and the client in their own review of the record. See *Anders*, 386 U.S. at 745, 18 L. Ed. 2d at 498-99, 87 S. Ct. at 1400. I do not think that identification of issues that do not potentially have merit furthers that purpose.

Furthermore, *Anders* does not support the idea that there is a minimum number of issues that need be identified. According to *Anders*, counsel should identify all issues in the record that might arguably support the appeal. Nothing in *Anders* suggests that the number of issues, even if the number is zero, changes this analysis. Additionally, the majority's choice of "at least one justiciable issue" as the minimum is arbitrary. There is no rational basis for choosing one issue as the minimum as opposed to, for example, four issues.

Where no issue that might arguably support an appeal exists, I would allow an attorney seeking to withdraw to simply state as such in his brief. We would then deny the motion to withdraw if our review of the record revealed an issue that might arguably support the appeal. An appellate court is, after all, already supposed to undertake a full examination of all of the proceedings before granting a motion to withdraw. *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498, 87 S. Ct. at 1400.

*United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976), a case that purportedly holds that a brief from appellate counsel stating "counsel for appellant has searched the record and has failed to find anything in the record that might arguably support an appeal" is the equivalent of a "no-merit" letter and, therefore, *not permitted under Anders*, in substance, follows the procedure I outlined above. The court reviewed the record and determined that there was an issue that might arguably support an appeal: "Our surface review of the record convinces us that the issue of the nature and scope of the warrantless search of appellant's apartment following his initial arrest on drug charges deserves analysis." *Johnson*, 527 F.2d at 1329. To the extent that *Johnson* addresses the circumstance where there truly is no issue that might arguably support an appeal, it does so in *dicta* because in that case the court specifically cited an issue that might arguably support an appeal.

While I agree with the majority that the motion to withdraw should have been denied for the notice reasons stated in the majority opinion, I would not have denied the motion on the additional basis that appellate counsel did not identify at least one potentially meritorious issue.