UNITED STATES of America,
Plaintiff-Appellee,

v.

Al Lee JOHNSON,
Defendant-Appellant.

No. 75-2424.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1976.

Ronald J. Sommers, Houston, Tex. (Court appointed), for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Appellant's court-appointed attorney has filed a motion to withdraw as counsel in this direct criminal appeal. In connection with this action, counsel has

submitted a document styled "Appellant's Brief" which contains a brief history of the case and the statement that "counsel for appellant has searched the record and has failed to find anything in the record that might arguably support the appeal."

In *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court carefully delineated the duties of court-appointed counsel in the prosecution of his client's first appeal. The Court condemned what it referred to as a "no-merit letter" and declared:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Id.* at 744, 87 S.Ct. at 1400.

Counsel in this appeal has not fulfilled his *Anders* obligation. Although styled "Appellant's Brief" the filing made is in reality nothing more than a no-merit letter. In contrast, *Anders* requires counsel to isolate possibly important issues and to furnish the court with references to the record and legal authorities to aid it in its appellate function. Our surface review of the record convinces us that the issue of the nature and scope of the warrantless search of appellant's apartment following his initial arrest on drug charges deserves analysis. There may well be other points which a proper review would show must be treated before a court could conscientiously decide that this case is wholly frivolous and grant counsel's request to withdraw. Accordingly, without intimating any view on the ultimate resolution of the motion or fate of the appeal, counsel is directed to search the record and prepare an appellate brief which meets the requirements set out in *Anders.*