IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30740
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN E. CALLAHAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Louisiana
USDC No. 99-CR-69-ALL-C

_____

April 13, 2001

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender has filed a motion to withdraw from the representation of defendant Justin E. Callahan, who pleaded guilty to being a felon in possession of a firearm and was sentenced to 180 months in prison. The Public Defender asserts that there are no non-frivolous issues for appeal. Callahan has filed a response to this motion alleging that whether he was properly sentenced as an armed career criminal presents a non-frivolous issue.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under Anders v. California, 386 U.S. 738 (1967), an appointed attorney must follow established standards when seeking to withdraw from a direct criminal appeal because the appeal lacks any arguable issue. After a "conscientious examination" of the case, the attorney must request permission to withdraw and must submit a "brief referring to anything in the record that might arguably support the appeal." Id. at 744. The attorney must isolate "possibly important issues" and must "furnish the court with references to the record and legal authorities to aid it in its appellate function." United States v. Johnson, 527 F.2d 1328, 1329 (5th Cir. 1976). After the defendant has had an opportunity to raise any additional points, the court fully examines the record and decides whether the case is frivolous. Anders, 386 U.S. at 744.

Our review of the record in this case reveals no non-frivolous issues for appeal. Callahan's indictment was sufficient; his guilty plea was taken by the court under proper Rule 11 safeguards; the court complied with Rule 32 by affording Callahan an opportunity to address the court; and his sentence was properly enhanced under Taylor v. United States, 495 U.S. 575 (1990). The motion to withdraw is therefore GRANTED and the conviction is AFFIRMED. See 5th Cir. R.42.2.