ACCEPTED
13-15-00195-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/28/2015 4:38:31 PM
DORIAN RAMIREZ
CLERK

**CAUSE NO. 13-15-00195-CR**

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH JUDICIAL DISTRICT OF TEXAS**
**AT CORPUS CHRISTI, TEXAS**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/28/2015 4:38:31 PM
DORIAN E. RAMIREZ
Clerk

**CARMINA PADROZ,**

**Appellant,**

**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

5/28/2015

**CECILE FOY GSANGER, CLERK**
BY scarranza

**V.**

**THE STATE OF TEXAS,**

**Appellee,**

**Appeal from the 36th District Court of Live Oak County, Texas**
**Cause Number L-00-0078-2-CR-B**

**BRIEF OF DEFENDANT - APPELLANT**
**Pursuant to *Anders v. California*, 386 U.S. 738 (1967)**

**TRAVIS BERRY**
**State Bar No. 24059194**
**P.O. Box 6333**
**Corpus Christi, Texas 78466**
**Telephone: (361) 673-5611**
**Facsimile: (361) 442-2562**
**travisberrylaw@gmaail**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

The following list is a complete list of all parties, as well as names and addresses of all counsel:

| PARTIES: | COUNSEL: |
|---|---|
| **Appellant:** | **For Appellant (Trial):** |
| **Carmina Padroz**<br>TDC: 01773183<br>Ferguson Unit<br>12120 Savage Drive<br>Midway, Texas 75852 | **Jessica Canter**<br>Texas Bar No. 24086671<br>331A N. Washington Street<br>Beeville, Texas 78102<br>Telephone: (361) 358-1925 |
| | **For Appellant:** |
| | **Travis Berry**<br>Texas Bar No. 24059194<br>P.O. Box 6333<br>Corpus Christi, Texas 78466<br>Telephone: (361) 673-5611<br>Facsimile: (361) 442-2562 |
| **Appellee:** | **For Appellee:** |
| **The State of Texas** | **Jose Aliseda**<br>Texas Bar No. 01012900<br>Live Oak County District Attorney<br>111 S. St. Mary's Street - Ste. 203<br>Beeville, Texas 78102<br>361-621-1550 |
| | **James Sales (assistant prosecutor)**<br>Texas Bar No. 17531960 |

# TABLE OF CONTENTS

**CONTENT:**

**PAGE:**

The Parties and Their Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Arguable Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii

Anders Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       Arguable Issue I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       Arguable Issue II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       Arguable Issue III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Conclusion and Request for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## INDEX OF AUTHORITIES

**CASES:**                                                                    **PAGE:**

Allbright v. State, 13 S.W.3d 817 (Tex. App.–Fort Worth 2000, pet. ref'd) . . . . . 3

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967) . . . . . . . . . . . . . . *passim.*

Cantu v. State, 842 S.W.2d 667 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . 2, 4, 6

Cardona v. State, 665 S.W.2d 492 (Tex. Crim. App. 1984) . . . . . . . . . . . . . . . . . 2

Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) . . . . . . . . . . . . . . . 3

Davis v. State, 905 S.W.2d 655 (Tex.App.-Texarkana 1995, pet. ref'd) . . . . . . . . 6

Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) . . . . . . 4

Graham v. Florida, 560 U.S. 48 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Harmelin v. Michigan, 501 U.S. 957 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) . . . . . . . . . . . . 10

High v. State, 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978) . . . . . . . . . . . 2

Jackson v. State, 645 S.W.2d 303 (Tex. Crim. App. 1983) . . . . . . . . . . . . . . . . . 2

Johnson v. State, 885 S.W.2d 641 (Tex. App. – Waco 1994) . . . . . . . . . . . . . . 1, 2

Jordan v. State, 495 S.W.2d 949 (Tex.Crim.App. 1973) . . . . . . . . . . . . . . . . . . . 6

Joseph v. State, 3 S.W.3d 627 (Tex. App.-Houston [14 Dist.] 1999, no pet.) . . . . 3

Lockyer v. Andrade, 538 U.S. 63 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Martin v. State, 571 S.W.2d 20 (Tex. Crim. App.1978) . . . . . . . . . . . . . . . . . . . 4

Mattias v. State, 731 S.W.2d 936 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . . 4

Miller v. Alabama, 132 S.Ct. 2455 (2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Moore v. State, 11 S.W.3d 495 (Tex. App. Houston [14th Dist.] 2000, no pet.) . . 3

Solem v. Helm, 463 U.S. 277 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Staten v. State, 328 S.W.3d 901 (Tex. App.–Beaumont 2010, no pet.) . . . . . . . . . 4

Strickland v. Washington, 466 U.S. 668, 104S.Ct.2052, 80L.Ed.2d 674(1984) . 9, 10

Thompson v. State, 9 S.W.3d 808 (Tex.Crim.App.1999) . . . . . . . . . . . . . . . . . . 10

United States v. Johnson, 527 F.2d 1328 (5th Cir. 1976) . . . . . . . . . . . . . . . xii, 1, 2

Weems v. United States, 217 U.S. 349 (1910) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Williamson v. State, 175 S.W.3d 522 (Tex.App.-Texarkana 2005, no pet.) . . . . . 6

**STATUTES & RULES**                                                    **PAGE:**

EIGHTH AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

TEX. CONST. Art. 1 Sec. 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF THE CASE

On October 31, 2000, Appellant was indicted for possessing marijuana in excess of fifty (50) pounds but less than two thousand (2,000) pounds. (CR6) Appellant was represented by counsel (CR15), pled guilty via a plea agreement (CR 29, 72) and was granted a deferred probation for a period of ten (10) years. (CR41, 72)

On July 24, 2002, The State filed a motion to revoke probation. (CR 84) A hearing on the State's motion was conveined on May 1, 2015 wherein Appellant pled true to all alleged violations of probation. The trial court found that Appellant had violated conditions of her community supervision, adjudicated her guilt, revoked Appellant's community supervision, and sentenced Appellant to six (6) years incarceration in the Institutional Division of the Texas Department of Criminal Justice. (CR161)

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested. Counsel has moved to withdraw and has filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After careful study of the record and the applicable law, it is the good faith belief and professional opinion of counsel that this case presents no non-frivolous basis for appeal.

**ARGUABLE ISSUES PRESENTED:**

**ARGUABLE ISSUE NO. 1:**

THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN REVOKING APPELLANT'S COMMUNITY SUPERVISION.

**ARGUABLE ISSUE NO. 2:**

NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT IN THIS CASE.

**ARGUABLE ISSUE NO. 3:**

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED UPON THE RECORD BEFORE THIS COURT.

**STATEMENT OF FACTS**

On October 31, 2000, Appellant was indicted for possession of marijuana, a second degree felony. (CR 6) On November 29, 2000, Appellant reached a plea agreement was placed on deferred adjudication for ten (10) years. (CR 41, 72)

On January 22, 2010, Appellant waived her right to a jury trial and to the confrontation of witnesses (CR 24-26), and pleaded guilty to the charge, judicially confessed to committing the offense (CR 33), and stipulated to evidence supporting her plea.(CR 43). Appellant signed the trial courts written admonishments on her statements given and her plea of guilty (CR 29-35)

The trial court accepted Appellant's plea deferred adjudication of Appellant's guilt, and placed her on community supervision for ten years, with conditions of such supervision to include placement at a Substance Abuse Felony Punishment Facility. (CR 72) The trial court's order to that effect was signed on February 9, 2001. (CR 77).

Appellant was given a chance to have her probation transferred to her home state of California. On January 17, 2002, the Court granted Appellant travel to California from January 16, 2002, until March 16, 2002, for the purpose of securing a place to live before a transfer could occur. (CR 83) Appellant was to stay in contact and report to probation until the Interstate Compact channels had

completed Appellant's probation transfer to California.

On May 1, 2002, the probation department made contact with Appellant in California on her failure to return to Texas via U.S. Certified Mail; Appellant signed the return receipt card for Certified Mail No. 70012510000898290495. In this certified letter, the probation department notified Appellant of her failure to return to Texas as ordered and directed her to appear at the probation office on May 31, 2002, at 1:00 p.m.. Appellant never returned to Texas. On July 24, 2002, the probation department filed a report alleging that Appellant had absconded from Texas probation and the Court's order.

On July 24, 2002, the State filed a motion to adjudicate Appellant's guilt and revoke her community supervision, alleging that she had violated several conditions of such supervision. (CR 102). On April 15, 2015, the trial court heard that motion, accepted Appellant's pleas of true to all of the allegations in such motion (RR2 - 7, 8), received evidence, and found that Appellant had violated the conditions of his community supervision for which she had entered pleas of true. (RR2  3 - 12)

Defense counsel argued that Appellant's ten (10) year probationary period had ended, that Appellant had not committed any violent offenses since the inception of this case, and that the trial court should terminate Appellant's

probation. (RR2 - 10) The State argued that the possession of 183 pounds of marijuana, followed by Appellant's thirteen (13) year disappearance after SAF-PF did not warrant a termination of probation, rather it warranted a "sentence". (RR2 - 11)

The trial court revoked Appellant's community supervision, adjudicated her guilty of possession of marijuana in the second degree, and sentenced her to six (6) years in the Institutional Division of the Texas Department of Criminal Justice. (CR 161, RR2 - 12)

# SUMMARY OF ARGUMENT

Under *Anders*, a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal is wholly frivolous.[1]. To comply with *Anders*, counsel must isolate possibly important issues and furnish the court with references to the record and legal authorities to aid it in its appellate function.[2]. After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous.[3]

Appellant's court-appointed counsel has reviewed the Clerk's Record and Reporter's Record from the Trial Court, the sentence received by Appellant and the factual basis for the sentence. As set forth in the Brief, there are no non-frivolous issues.

---

[1] *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396 (1967)

[2] *United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976)

[3] *Anders* at 744

CAUSE NO. 13-15-00195-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

**CARMINA PADROZ,**
**Appellant,**
**V.**

**THE STATE OF TEXAS,**
**Appellee,**

**Appeal from the 36th District Court of Live Oak County, Texas**
**Cause Number L-00-0078-2-CR-B**

**BRIEF OF DEFENDANT - APPELLANT**
**Pursuant to *Anders v. California*, 386 U.S. 738 (1967)**

Appellant in the above referenced cause number files this ***Anders*** Brief and would show the Court the following:

After a detailed search of the record, Appellant's court-appointed counsel has been unable to find any non-frivolous error.[4]

---

[4] A frivolous appeal has been defined as an appeal in which the result is obvious or the arguments of error are wholly without merit. *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). This Court defined a .frivolous appeal. as one where .the only theories that the attorney can discover after this conscientious review of the record and the law are 'arguments that cannot conceivably persuade the court…'. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App. – Waco 1994). Any

1

## The *Anders* Brief

The purpose of an *Anders* brief is to support counsel's Motion to Withdraw by showing he has performed a conscientious examination of the record and the appeal is so frivolous that an appellant should be denied his constitutional right to appointed counsel on appeal. The ultimate test of an *Anders* brief is whether it contains a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.

## Standard of Review

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

An abuse of discretion occurs where the trial judge's decision was so wrong that it falls outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Courts of Appeal examine the evidence in the light most favorable to the trial court's order revoking community supervision. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App.

---

point which is .arguable on [the] merits. is, by definition, not frivolous. Johnson at 645. Yet another definition is an appeal is .frivolous. when .the trial court's ruling[s were] correct. or .the appellant was not harmed by the ruling[s].. *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978).

1983)

## Burden of Proof on Motions to Revoke Probation

The State's burden of proof on a motion to revoke community supervision is by a preponderance of the evidence that the terms of community supervision were violated. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The State satisfies its burden of proof when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the motion to revoke. *Joseph v. State*, 3 S.W.3d 627 (Tex. App.—Houston [14 Dist.] 1999, no pet.).

A plea of true to any one of the alleged violations contained in a motion to revoke is sufficient to support the trial court's order revoking community supervision. *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App. Houston [14th Dist.] 2000, no pet.). Once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *Id.*[5]

In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.–Fort

---

[5] (citing *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App. San Antonio 1996, no pet.)).

Worth 2000, pet. ref'd); *Martin v. State*, 571 S.W.2d 20, 22 (Tex. Crim. App. 1978). The trial judge may accept or reject any or all of the witness' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).

## Abuse of Discretion

While the defendant at a revocation of community supervision proceeding need not be afforded the full range of constitutional and statutory protections that are available at a criminal trial, a person on community supervision is entitled to certain due process protections. *Staten v. State*, 328 S.W.3d 901, 905 (Tex. App.–Beaumont 2010, no pet.); see *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973).

An abuse of discretion occurs where the trial judge's decision was so wrong that it falls outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

## The "Arguable Issues of Law"

ARGUABLE ISSUE NO. 1:     THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN REVOKING APPELLANT'S COMMUNITY SUPERVISION.

The trial court took Appellant's pleas of true and found that all allegations of violations were true. Of those violations, the most obvious for the trial court to

4

consider was Appellant's knowledge of her status as being in violation of the probation order from the 36th District Court to return to Texas and never returning to Texas until being extradited from Arizona. (CR 109)

At the hearing, the trial court engaged Appellant and determined that:

- Appellant's had received her conditions of probation (RR2 - 4)

- Appellant understood the conditions of her probation (RR2 - 4)

- Appellant had received her condition of probation (RR2 - 4)

- Appellant understood she was being sentenced that day (RR2 - 5)

- Appellant understood she could be sent to prison (RR2 - 6)

- Appellant was not mentally ill and was sober (RR2 - 6)

- Appellant was satisfied with her legal representation (RR2 - 6)

Of Appellant's probation violations, the most glaring for the trial court to consider was Appellant's knowledge of her status as being in violation of the probation order from the 36th District Court to return to Texas and never returning to Texas until being extradited from Arizona. (CR 109)

Viewing the evidence in the light most favorable to the trial court's ruling, and giving deference to that court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented, it cannot be said

5

that the trial court abused its discretion in finding that the weight of the credible evidence before it created a reasonable belief that Appellant violated a condition of her community supervision, particularly when Appellant did not challenge any of the violations to which she pleaded true.

The trial judge's decision to revoke Appellant's community supervision rather than simply terminate the probation, in light of the violations, does not fall outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).


ARGUABLE ISSUE NO. 2: NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT IN THIS CASE.

**Applicable Law and Standard of Review**

The Legislature is vested with the power to define crimes and prescribe penalties. See *Davis v. State*, 905 S.W.2d 655, 664 (Tex.App.-Texarkana 1995, pet. ref'd). "Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual." *Williamson v. State*, 175 S.W.3d 522, 524 (Tex.App.-Texarkana 2005, no pet.) (citing *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973)).

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. "The concept of proportionality is central to the Eighth Amendment." *Miller v. Alabama*, 132 S.Ct. 2455, 2463 (2012) (citing *Graham v. Florida*, 560 U.S. 48, 59 (2010)). "Embodied in the Constitution's ban on cruel and unusual punishments is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *Graham*, 560 U.S at 59 (quoting *Weems v. United States*, 217 U.S. 349, 367 (1910)). TEX. CONST. Art. 1 Sec. 13. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."

United States Supreme Court cases that have addressed contests to the proportionality of sentences fall within two general classifications: (1) challenges to the length of term-of-years sentences given all the circumstances in a particular case; and (2) cases in which a proportionality standard is implemented by certain categorical restrictions on the death penalty. *Id.*

In a "term-of-years" proportionality challenge, we consider all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. *Graham*, 560 U.S. at 59. We begin our analysis with a threshold comparison of the gravity of the offense and the severity of the sentence. *Id.*

7

(citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J. concurring)). In the "rare case" in which the threshold comparison "leads to an inference of gross disproportionality," we then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id*. If the analysis "validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id*.

## Analysis

The crime for which Appellant pled guilty has a two (2) to twenty (20) year range of punishment. Appellant's plea agreement "capped" her punishment at a ten (10) year maximum. After hearing overwhelming evidence that Appellant violated her probation, the trial court revoked her probation. At this juncture, the trial court was authorized to impose a term of imprisonment up to ten (10) years.

In *Solem v. Helm*, 463 U.S. 277 (1983), standards were set to guide a reviewing court to determine if the sentence violated the Eighth Amendment, including comparing gravity of offense against severity of sentence. If such seems extreme, the Court should compare sentences for similar crimes in the jurisdiction and sentences for the same crime in other jurisdictions. *Harmelin v. Michigan*, 501 U.S. 957, 1006 (1991). See also *Lockyer v. Andrade*, 538 U.S. 63 (2003).

Under the totality of the circumstances - the gravity of possessing 183 pounds of marijuana, the complete lack of response to the State's orders through the 36th Judicial District Court to report to probation, the complete lack of response after signing for a Certified Mail letter directing her return to Texas - it was very likely that this Appellant could have received the full ten (10) year punishment term. The trial court applied its discretion and decided on a six (6) year term, four (4) years less than could have been imposed. In Texas, receiving a six (6) year term of imprisonment for possessing such a large quantity of marijuana is not an unusual punishment for such a crime.

Under *Harmelin v. Michigan*, 501 U.S. 957 (1991) and the 8th Amendment, Appellant's six (6) year sentence was not an extreme sentence that was grossly disproportionate to the crime itself and was not cruel or unusual.

ARGUABLE ISSUE NO. 3:   INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED UPON THE RECORD BEFORE THIS COURT.

Claims of ineffective assistance of counsel under the two-prong test set out by the United States Supreme Court in *Strickland v. Washington*[6] and adopted by

---

[6] 466 U.S. 688 (1984) , 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

9

Texas in *Hernandez v. State*. [7] Appellant must show that trial counsel's performance was deficient, that is, counsel's representation fell below an objective standard of reasonableness. [8]

Appellant must also show that counsel's deficient performance prejudiced his defense. *Strickland* at 687. This requires Appellant show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694

In reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy. *Thompson* at 813. Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. It is the Appellant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* at 813.

---

[7] 726 S.W.2d 53, 57 (Tex. Crim. App. 1986)

[8] *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999); *Strickland*, 466 U.S. at 687-88, 104 S.Ct. at 2064

## Analysis

Counsel was appointed to represent Appellant to assure she receive effective legal assistance in this case and to present any possible defenses to the State's allegations that Appellant had violated terms of probation.

It is clear that Appellant violated all terms of her probation and absconded from Texas in doing so. Appellant pled true to all allegations because they were in fact true. It is unforeseeable that any attorney practicing criminal defense in any jurisdiction could mount a successful defense to the State's allegations. Most notably the allegation that Appellant left Texas as was proved by her arrest in Arizona.

Appellant's defense was not prejudiced by any action or in-action taken by defense counsel as there was no viable defense to the State's allegations in this case. The probability that Appellant would have her probation revoked after absconding for over thirteen (13) years is highly likely.

Faced without any defense to the State's allegations, defense counsel asked the trial court to consider a termination of probation as opposed to a sentence of imprisonment. The trial court did not side with the defense and chose, within its right to do so, a sentence of imprisonment.

Based on this record, no legitimate non-frivolous basis exists to argue trial counsel was constitutionally ineffective.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth, Appellant's counsel urges that this appeal presents no legally non-frivolous questions. Appellate Counsel requests this Court to Grant his Motion to Withdraw. Appellant urges the Court for such other relief as Appellant may be entitled.

Respectfully submitted,

/s/ *Travis Berry*
Travis Berry
Texas Bar No. 24059194
P.O. Box 6333
Corpus Christi, Texas 78466
T: (361) 673-5611; F: (361) 442-2562
travisberrylaw@gmail.com

ATTORNEY FOR APPELLANT

12

**CERTIFICATE OF SERVICE**

This is to certify that on this day of May 28, 2015, a true and correct copy of the Appellant's *Anders* Brief has been sent via U.S. mail to Jose Aliseda, Live Oak County District Attorney, 111 S. St. Mary's Street - Ste. 203, Beeville, Texas 78102.

This is to further certify that a true and correct copy of the same was sent on May 28, 2015, via U.S. Mail to Appellant Carmina Padroz, TDC#: 01994822, Plane State Jail, 904 F.M. 686, Dayton, Texas 77535.

/s/ *Travis Berry*
Travis Berry

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the undersigned certifies this brief complies with the type-volume limitations announced in Rule 9.4(i)(2)(B) of the Texas Rules of Appellate Procedure.

1. The undersigned certifies that the Initial Brief contains no more than **2,359** words in proportionately spaced typeface, an amount of  words within the limits set forth in Rule 9.4(i)(2)(B)

2. The brief has been prepared in proportionately spaced typeface using WordPerfect 12 in 14 pt. Times New Roman. Footnotes have been used and are all accounted for in the above word count.

3. The undersigned acknowledges a material misrepresentation in completing this certificate, or circumvention of the type-volume limits states in Rule 9.4(i)(2)(B) of the Texas Rules of Appellate Procedure, may result in the Court striking the brief.

/s/ *Travis Berry*
Travis Berry