ACCEPTED
06-15-00005-c
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/11/2015 3:21:21 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00005-CR

## CEDRIC JAMEL HILL, Appellant

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/11/2015 3:21:21 PM

DEBBIE AUTREY
Clerk

## V.

## THE STATE OF TEXAS, Appellee

## N0. 06-15-00005-CR

## Appeal from 12-0317X 71st District Court

## Harrison County, Texas

## Oral Argument is not Requested

## Appellant's Brief

## Appellant Anders Brief

Oral Argument is Not Requested

Word Count: 1409

# IDENTITY OF THE PARTIES

HONORABLE BRAD MORIN
71ST JUDUCIAL DISTRICT COURT
200 WEST HOUSTON
HARRISON COUNTY
MARSHALL, TEXAS 75670

COKE SOLOMON
CRIMINAL DISTRICT ATTORNEY
200 WEST HOUSTON
MARSHALL, TEXAS 75670
      &
SHAWN CONNERLY
ASSISTANT CRIMINAL DISTRICT ATTORNEYS
200 WEST HOUSTON
SB#24051899

REPRESENTING THE STATE OF TEXAS

MR. SCOTT RECTENWALD
110 WEST FANNIN
SBOT NO. 00794510
ATTORNEY AT LAW


REPRESENTING THE DEFENDANT

VERNARD SOLOMON
SBOT # 18835000
103 E. Houston
Marshall, Texas 75670
Telephone 903.938.4555

ATTORNEY ON APPEAL ONLY

i

# TABLE OF CONTENTS

**Statement of the Case**                                    P. 1

**Oral Argument Notice**                                     P. 1

**Issues Presented**                                         P. 1

**Statement of the Facts**                                   P. 2

    *Issue # One*                        P. 2

    *Issue # Two*                        P. 3

    *Issue # 3*                          P.3

    *Issue # 4*                          *P.3*

**Summary of the Argument**                                  P. 4

# INDEX OF AUTHORITIES

*Anders v. California*, 386 U.S. 738, 744 (1967)      **P. 4**

*Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988)      **P. 4**

*Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.-Dallas 1995, no pet.) **P. 6**

*Johnson v. State*, 885 S.W.2d 641 (Tex.App.-Waco 1994, pet. Ref'd) **P. 5**

*United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976)      **P. 4**

**Texas Rule of Appellate Procedure 33**      P. 6

## Appellant's Notice of Filing Anders Brief

## Statement of the Case

The Appellant was indicted by a Harrison County Grand Jury with the offense of delivery of a controlled substance, namely cocaine, by actual delivery of more than one gram but less than four grams. He entered a plea of guilty before the Court and was found guilty on January 5, 2015 by the presiding Judge Brad Morin.(S.F. v2, p13,l 11thru 19) Appellant elected that the jury set his punishment and a jury was empaneled by the Court for that purpose. The jury set his punishment at 14 years confinement in the Department of Corrections Institutional Division.

## Oral Argument Notice

Appellant does not request oral argument.

## Issues Presented

### Issue # One

THE TRIAL COURT PROCEEDINGS SHOW NO NON-FRIVOLOUS MATTERS FOR APPEAL IN REGARD TO CHALLENGES FOR CAUSE BY THE STATE

### Issue # Two

THE TRIAL COURT PROCEEDINGS SHOW NO NON-FRIVOLOUS MATTERS FOR APPEAL IN REGARD TO THE

1

BATSON OBJECTION

*Issue # Three*

AFTER CAREFUL REVIEW OF THE ENTIRE RECORD BEFORE
THE COURT, THE RECORD SHOW NO NON-FRIVOLOUS
MATTERS IN REGARD TO SUFFICIENCY OF THE EVIDENCE,
FACTUAL OR LEGAL.

*Issue # Four*

AFTER CAREFUL REVIEW OF THE RECORD ON
PUNISHMENT, THE RECORD SHOW NO NON-FRIVOLOUS
MATTERS FACTUAL OR LEGAL.

## Statement of the Facts

### *Issue # One*

At the conclusion of the voir dire and before the striking of the list by both

parties, the Court asked the attorneys to approach the bench where challenges for

cause were heard by the court. (S.F. v2, p99, 1 8 thru p101, 1 9) The attorney for

the Appellant agreed and raised no object to most of the challenges by the state

and those few that he questioned the Court called to the bench for verification of

their position complained of by the State. The Attorney for Appellant raised only

one objection by challenge which the Court also called to the bench and the

position was made more clear. (S.F. vol 2, p103, 116 thru p104, 15) The balance of

the complained jurors were heard by the Court and ruled upon. All challenges by

2

the state which were granted were not objected to by the attorney for the Appellant and therefore nothing is preserved for appeal. The challenged by the Appellant's attorney was granted.

### Issue # Two

After the list were struck by both attorneys and the jury was named, a Batson objection was brought forward by attorney for Appellant to two persons struck by the State. (S.F.vol2, p112, l 22) Juror #8 R. Walker and Juror #19 McGlothin, both black men. The State gave a race-neutral reason for both strikes (S.F. v 2, p114, 115 thru 24.) The Court denied the Batson Motion. (S.F. v2, p115, l 3)

### Issue # Three

Outside the presence of the jury panel, the Court gave the required admonishments to the Appellant as evidence by the exhibits offered into evidence and questioned of by the Appellant. (Tr. P. 38 thru 44) The Court then went over each of the documents signed by the Appellant which had been offered into evidence and accepted without objection as to the understanding of each by the Appellant and as to the voluntary nature of the signatures. (S.F. vol 2, p. 8 thru p. 13)

### Issue # Four

1

The total of the evidence offered during the punishment phase of the trial was done so without objection ending with an adverse ruling upon which an appeal could be based. Subsequent to the offer of evidence both sides argued their position to the jury. Only one objection was made by the attorney for Appellant that statements made by the State was outside the record. A general ruling was made by the Court resulting in no adverse ruling upon which an appeal could be based.

## SUMMARY OF THE ARGUMENT

Appellant's counsel has reviewed the entire record in this appeal and has determined that there are no non-frivolous issues for appeal.

## ARGUMENT

The United States Supreme Court held *in Anders v. Caljfornia.* 386 U.S. 738,744 (1967), that a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal to be wholly frivolous. To comply with *Anders,* counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson, 527* F.2d 1328. 1329 (5th Cir. 1976). After the Appellant is given an opportunity to respond, the Court shall makea full examination of the record to detect whether the

2

case is frivolous. *Anders,* supra, at 744.

A frivolous appeal has been defined as an appeal in which the result is obvious or the arguments of error are wholly without merit. *Coghian v. Starkey,* 852 F.2d 806. 811 (5th Cir. 1988). The Waco Court of Appeals has defined a "frivolous appeal" as one where "the only theories that the attorney can discover after thisconscientious review of the record and the law are arguments that cannot conceivably persuade the court."' *v. State.* 885 S.W.2d 641 (Tex.App.-Waco 1994, pet.ref d.).

Appellant's counsel has conducted a thorough review of the record of this appeal, and has been unable to find any non-frivolous error. No error is evident from this record. Therefore, pursuant to *Anders,* Appellant's appointed counsel files this Brief, and moves for withdrawal.

## Anders Brief

The purpose of an *Anders* brief is to support counsel's motion to withdraw by showing that he has performed a conscientious examination of the record, that the appeal is frivolous, and that an appellant should be denied his constitutional right to appointed counsel on appeal. *Jeffery v. State,* 903 S.W.2d 776,779 (Tex.App.-Dallas 1995, no pet.). The ultimate test of an *Anders* brief is whether it contains a

3

professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *Johnson,* supra, at 646.

**B. Professional Evaluation of the Record**

**Texas Rule of Appellate Procedure 33 provides:**

"As a prerequisite to presenting a complaint for appellate review, the record must show that: "(1) the complaint was made to the trial court by a timely request, objection, or motion that:

"(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

"(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

"(2) the trial court:

"(A) ruled on the request, objection, or motion, either expressly or implicitly; or

"(B) refused to rule on the request, objection, or motion and the complaining party objected to the refusal."

Appellant plead "guilty" before the Court after signing all the necessary papers which were introduced into evidence by the State. The Court accepted the plead and found the Appellant "Guilty" A jury was selected for the purpose of

4

punishment, evidence offerred and accepted, and a verdict rendered at 14 years punishment. The Court thereafter sentenced the Appellant to fourteen years which is within the range of punishment.

## Conclusion

Appellant's attorney has conducted a thorough review of the record of this appeal, and has determined that there are no non-frivolous grounds for appeal.

## PRAYER

For the reasons set forth herein and based on the Motion to Withdraw as Appellant's Counsel, Appellant's counsel requests the Court to conduct an independent examination of the proceedings and determine whether the appeal is wholly frivolous, and in the event that the Court finds that the appeal is wholly frivolous and that there are no arguable grounds for appeal, that the Court grant the Motion to Withdraw as Appellant's Counsel and affirm the judgment of the trial court, or in the alternative, if the Court determines that there are arguable grounds, the Court abate the appeal, and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent Appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present.

5

Respectfully Submitted.

Vernard Solomon
103 E. Houston
Marshall, Texas
SN# 18835000
*Telephone 903.938.5151*
Fax 903.938.5151

## CERTIFICATE OF SERVICE

On this the 10th day of June, 2013, I hereby certify that a true and correct copy of the above has been mailed to the office of the Criminal DistrictAttorney for Harrison County and the has been EMAILED on the same date.

Vernard Solomon

## <u>CERTIFICATE OF COMPLIANCE</u>

**Comes now Vernard Solomon** who states that the Word Count of the enclosed document, by computer is 1409 words not including those items that are listed as exempt from count.

_(signature)_

Vernard Solomon