ACCEPTED
06-15-00109-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/1/2015 4:04:03 PM
DEBBIE AUTREY
CLERK

No. 06-15-00109-CR

IN The Sixth Court of Appeals
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/1/2015 4:04:03 PM
DEBBIE AUTREY
Clerk

BRIAN LYNN PUCKETT,

*Appellant,*

V.

THE STATE OF TEXAS,

*Appellee.*

Appeals from the 124th District Court

Gregg County, Texas

Trial Court No. 44,451-B

*ANDERS* BRIEF

ATTORNEY FOR APPELLANT:

Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:   817-887-4333

ORAL ARGUMENT NOT REQUESTED

## LIST OF PARTIES AND COUNSEL

**APPELLANT:   BRIAN LYNN PUCKETT**
**TDCJ No. 02001172**
**Bradshaw State Jail**
**P.O. Box 9000**
**Henderson, TX 75653-9000**

<u>Represented at trial by:</u>
Mr. Brandon Winn
SBOT No. 24070866
411 W. Tyler St.
Gilmer, TX 75644
Phone:   903-680-9466

<u>Represented on appeal by:</u>
Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:    817-887-4333

**APPELLEE:    State of Texas**

<u>Represented at trial by:</u>
Mr. V. Christopher Botto
SBOT No. 24064926
101 E. Methvin, Ste. 333
Longview, TX 75601
Phone:   903-236-8440

<u>Represented on appeal by:</u>
Van Colson Brown
Gregg County District Attorney
SBOT No. 03205900
101 E. Methvin, Ste. 333
Longview, TX 75601
Phone:   903-236-8440

i

# TABLE OF CONTENTS

List of Parties and Counsel...........................i

Table of Contents....................................ii

Index of Authorities................................iii

Statement of the Case................................v

Issues Presented....................................vi

Statement of Facts...................................1

Summary of the Arguments.............................3

Argument.............................................5

    I.   APPELLANT'S PLEA OF GUILTY COMPLIED WITH THE REQUIREMENTS OF ARTICLE 26.13 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.................5

    II.  NO OBJECTION TO THE EVIDENCE WAS MADE DURING THE PUNISHMENT STAGE OF TRIAL AND NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT...............8

    III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED ON THE RECORD BEFORE THIS COURT........................10

Statement of Attorney to the Court..................13

Conclusion and Prayer...............................14

Certificate of Compliance...........................15

Certificate of Service..............................16

# INDEX OF AUTHORITIES

**Case Law:**

*Anders v. California,*
    386 U.S. 738, 744, (1967) . . . . . . . . . . . . .2, 9

*Brady v. United States*,
    397 U.S. 742, 749, (1970). . . . . . . . . . . . . .5

*Crawford v. State*,
    890 S.W.2d 542, 544 (Tex.Crim.App.1985). . . . . . 5

*Currie v. State*,
    516 S.W.2d 684 (Tex.Cr.App.1974). . . . . . . . . 9

*Fuentes v. State*,
    688 S.W.2d 542, 544 (Tex.Crim.App 1985). . . . . .5

*Hernandez v. State,*
    726 S.W.2d 53, 57 (Tex.Crim.App.1986). . . . . . .7

*Jack v. State*,
    871 S.W.2d 741 (Tex.Cr.App.1974) . . . . . . . . .3

*Jackson v. State,*
    877 S.W.2d 768, 771 (Tex.Crim.App.1994) . . . .7, 8

Jeffery v. State,
    903 S.W. 776 (Tex.App.-Dallas 1995). . . . . . 3, 9

*Strickland v. Washington,*
    466 U.S. 668 (1984). . . . . . . . . . . . . . 7, 8

*Thompson v. State,*
    9 S.W.3d 808, 812 (Tex.Crim.App.1999). . . . . 7, 8

*United States v. Johnson*,
    527 F.2d 1328, 1329 (5th Cir. 1976). . . . . . . .2

**Statutes:**

Tex. Code Crim. Proc. Art. 26.13 . . . . . . . . .2, 4, 5

## STATEMENT OF THE CASE

Appellant was indicted for possession of controlled substance in penalty group one, namely methamphetamine, in an amount less than one gram, a state jail felony, by formal charging instrument filed on December 18th, 2014. CR p. 3. Appellant elected to enter an open plea to the court on May 28th, 2015. RR1 p. 5-13. After taking evidence related to punishment, the Trial Court sentenced Appellant in open court to eighteen (18) months incarceration in the State Jail Division of the Texas Department of Criminal Justice. CR p. 25-26; RR1 p. 30. Appellant perfected this appeal by timely filing a Notice of Appeal, dated June 11, 2015. CR p. 29.

## ISSUES PRESENTED

I.    Whether Appellant's plea of guilty complied with the requirements of Article 26.13 of the Texas Code of Criminal Procedure?

II.   Whether an objection was made to the evidence or exhibits during the punishment stage of trial?

III.  Whether ineffective assistance of trial counsel is a viable claim based upon the record before this Court?

**TO THE HONORABLE SIXTH COURT OF APPEALS:**

Comes now Jeff T. Jackson, attorney for BRIAN LYNN PUCKETT, Appellant in the above styled and numbered causes, and respectfully submits this *Anders* Brief and would show the Court the following:

## STATEMENT OF THE FACTS

In a single count indictment, Appellant was charged with possession of a controlled substance in penalty group 1 in an amount punishable as a state jail felony. CR p. 3. Brandon Winn represented Appellant in the trial court, and on May 18, 2015, Appellant entered a plea of "guilty" to the charged offense. RR1 p. 6. A punishment trial was heard by the trial court wherein evidence was presented by both the Appellant and the

NOTE:
The record is referred to as:
"CR": clerk's record in Cause No.44451-B.
"RR1,2": reporter's record, volume number in Cause No.44451-B.

1

State. RR1 pp. 10-32. Appellant was sentenced by the trial court to eighteen months in the state jail division of TDCJ. RR1 p. 30.

## SUMMARY OF THE ARGUMENTS

Under *Anders v. California, 386 U.S. 738, 744, (1967)*, a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal is wholly frivolous. To comply with *Anders*, counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson*, 527 F.2d 1328, 1329 (5th Cir. 1976). After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous. *Anders*, 386 U.S. at 744. Appellant's counsel has reviewed the Clerk's Record and Reporter's Record from the Trial Court, the sentence received by Appellant and the factual basis for the sentence. As set forth in the Brief, there are no non-frivolous issues.

The record reveals that the trial court substantially complied with Article 26.13 of the Texas Code of Criminal Procedure when accepting Appellant's plea. RR1 pp. 5-

3

10. No objection was made by Appellant to any of the evidence, exhibits or the sentencing of Appellant by the trial court. RR1 pp. 5-30. There are no jurisdictional defects. There are no non-jurisdictional defects arising at or after entry of the plea. *See Jack v. State*, 871 S.W.2d 741 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal with supporting exhibits in accordance with the procedures and standards set out in Jeffery v. State, 903 S.W. 776 (Tex.App.-Dallas 1995, no pet.).

## ARGUMENTS AND AUTHORITIES

## I.

APPELLANT'S PLEA OF GUILTY COMPLIED WITH THE REQUIREMENTS OF ARTICLE 26.13 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

Appellant's counsel has reviewed the record in detail and has identified no action or inaction on the trial court's part that suggests harmful error in the Defendant's pleading guilty to the charges.

Before accepting a guilty plea, the trial court must admonish a defendant of: (1) the punishment range, (2) the fact that the State's sentencing recommendation is not binding on the court, (3) the limited right to appeal and (4) the possibility of deportation. Tex. Code Crim. Proc. art. 26.13(a). The admonishments may be made either orally or in writing. Id at 26.13(d).

At Appellant's original pleas, the court admonished Appellant on the proper range for the possession of a controlled substance charge. RR1 p. 6; CR p.9. The

court substantially complied with the requirements of the statute in accepting Appellant's guilty plea as evidenced by the written plea admonishments and verbal admonishments by the trial judge.  RR1 pp. 5-10; CR pp. 9-10.

To be constitutionally valid, a guilty plea must be knowing and voluntary.  *See Brady v. United States*, 397 U.S. 742, 749, (1970); *see also* Tex. Code Crim. Proc. Ann. art. 26.13(b).  When the record shows that the trial court admonished the defendant in substantial compliance with Article 26.13 of the Code of Criminal Procedure, this is a prima facie showing that the plea was knowing and voluntary.  *See* Tex.Code Crim. Proc Ann. art. 26.13(C); *See Crawford v. State*, 890 S.W.2d 542, 544 (Tex.Crim.App.1985).  There is nothing in the record to indicate Appellant pleaded guilty and true without understanding the consequences of his plea, and as a result, Appellant suffered no harm.  *See Fuentes v. State*, 688 S.W.2d 542, 544 (Tex.Crim.App 1985).  The trial court accepted Appellant's original plea of guilty

and punishment was assessed. RR pp. 6-10, 32-34. The voluntariness of Appellant's pleas is shown by the record. RR p. 5-9.

**II.**

NO OBJECTION TO EVIDENCE OR EXHIBITS WAS MADE DURING THE PUNISHMENT STAGE OF TRIAL AND NO MERITORIOUS LEGAL CLAIM EXISTS RELATED TO THE IMPOSITION OF PUNISHMENT.

On the 28th day of May, 2015, Appellant's plea of guilty was accepted by the trial court.  RR1 pp. 5-10. On the same day, the punishment phase of Appellant's trial began.  RR1 p.10.  No evidence was presented by the state other than cross-examination of the Defendant and a defense witness.  RR1 pp. 21-30.  Appellant called the Defendant and one other witness, RR pp. 10, 17, and both sides made a closing argument.  RR1 pp. 30-32.  Appellant made no objection to evidence or exhibits offered by the state, and the trial judge sentenced Appellant to eighteen (18) months to serve in the state jail division of TDCJ.  RR p. 32.

The trial court was the fact finder for purposes of the punishment decision. The evidence before the court

8

was substantial. The judge's remarks following the close of evidence indicate the circumstances taken in consideration related to the sentence assessed in open court. RR1 pp. 32-34.

**III.**

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED UPON THE RECORD BEFORE THIS COURT

Claims of ineffective assistance of counsel are analyzed under the two-prong test set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that trial counsel's performance was deficient, that is, counsel's representation fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

Appellant must also show that counsel's deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). This requires Appellant show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

10

have been different.  *Strickland,* 466 U.S. at 694; *Jackson,* 877 S.W.2d at 771. A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Strickland,* 466 U.S. at 694; *Jackson,* 877 S.W.2d at 771.

In reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy.  *Thompson,* 9 S.W.3d at 813; *Strickland,* 466 U.S. at 689. Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. *Thompson,* 9 S.W.3d at 813; *see Jackson,* 877 S.W.2d at 771. It is the Appellant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.*

At the guilt phase of her trial wherein she entered a plea of "guilty," Appellant was informed by the trial

11

court of his right to plead "not guilty" and have the case tried before a jury. RR1 pp. 6-7. At no point during any of the proceedings in this cause did Appellant assert to the trial court that he was unhappy with the performance and representation of his trial counsel, Mr. Winn. Appellant pleaded guilty freely and voluntarily after being properly admonished of the punishment range, RR1 pp. 5-10. Based on this record, no legitimate non-frivolous basis exists to argue trial counsel was constitutionally ineffective.

## STATEMENT OF ATTORNEY TO THE COURT

This brief is filed by counsel appointed by the court to represent Appellant on appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal in accordance with the procedures as standards set out in *Jeffery v. State*, 903 S.W.2d 776 (Tex.App.-Dallas 1995, no pet.). After thorough examination of the clerk's record and reporter's record, counsel can find no point of error that can be supported by the record. Counsel has discussed the evidence and the documents in the record, citing references to the records.

## PRAYER

Wherefore, premises considered, the undersigned counsel requests the Court of Appeals review the record on appeal, consider the Motion to Withdraw as Court Appointed Counsel with supporting affidavit, review the foregoing Brief in Support of Motion to Withdraw, and grant the Motion to Withdraw.

Respectfully submitted,

**/s/ Jeff T. Jackson**
Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:  817-887-4333
Email: jefftjacksonlaw@gmail.com

*Attorney for Appellant,*
*BRIAN LYNN PUCKETT*

14

**CERTIFICATE OF COMPLIANCE**

The foregoing Appellant's Brief is in compliance with TEX. R. APP. P. 9.4(i)(2)(B). The total number of words contained in Appellant's Brief that are not specifically excluded from the word count under TEX. R. APP. P. 9.4 (i)(1) is 1,465 words.

**/s/ Jeff T. Jackson**
Jeff T. Jackson
SBOT No. 24069976
*Attorney for Appellant,*
    *BRIAN LYNN PUCKETT*

15

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the above Motion was served on the State of Texas by mailing same to the District Attorney of Gregg County on September 2nd, 2015.

I further certify that I have mailed a copy of the above Brief and accompanying motion by First Class Mail, postage paid, to Appellant, BRIAN LYNN PUCKETT, TDCJ No. 02001172, at the address listed above on the same date.

**/s/ Jeff T. Jackson**

Jeff T. Jackson